UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

CIVIL ACTION NO. 07-CV-403-KSF

RODNEY LOVINGOOD                                                                             PETITIONER

VS:                      **MEMORANDUM OPINION AND ORDER**

BUREAU OF PRISONS and STEVE HANEY, WARDEN                           RESPONDENTS

**** **** **** ****

Rodney Lovingood ("Lovingood") is a prisoner incarcerated at the Northpoint Training Center ("NTC") in Burgin, Kentucky, who has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Dkt. 2] This matter is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002).

As Lovingood is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

I.  BACKGROUND

On March 26, 1984, Lovingood began serving a term of incarceration by the Commonwealth of Kentucky for the commission of undisclosed crimes. On May 25, 1999,

Lovingood plead guilty to the receipt, possession, concealment, storage, and disposal of stolen firearms in violation of 18 U.S.C. § 922(j) and to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). On August 19, 1999, Lovingood was sentenced to a cumulative 180-month term of incarceration to be followed by a three-year term of supervised release. The judgment and commitment order directed that this sentence was to be served concurrently with the pre-existing state sentence. *United States v. Lovingood*, 99-CR-33, Western District of Kentucky. [Dkt. 1, 11, 13 therein] As of the time the petition was filed, Lovingood was serving an 81-year state sentence.

    In his petition, Lovingood contends that:

    (1) "[B]ecause Petitioner's, 1999 Federal Sentence, Case No. 3:99 CR-033-01-H, was ran concurrent with his Kentucky Sentence's 84-CR-0988, 85-CR-0017, and 88-CR-0007. Petitioner asserts that his Federal time should Start from the date of his first State conviction, which started on 3-26-1984."

    (2) The federal detainer lodged against him with state prison officials should be released because his 81-year state sentence will not be completed until long after his 15-year federal sentence expires, and the federal detainer is adversely affecting his eligibility to participate in state programs; and

    (3) He is entitled to participate in federal programs available to other federal prisoners because, although he is incarcerated in a state prison, he is serving a federal sentence concurrently with his state sentence and is therefore in federal "custody."

The Court will review Lovingood's contentions in turn.

## II.     DISCUSSION

As a threshold matter, this Court lacks subject matter jurisdiction over petitioner's habeas claims because, contrary to his contention, he is not in the custody of the Bureau of Prisons ("BOP"). *Maleng v. Cook*, 490 U.S. 488 (1989) ("in custody" language of habeas corpus statute

requires that habeas petitioner be "in custody" under conviction or sentence under attack at time his petition is filed). Lovingood is in state custody pursuant to a criminal conviction of the Commonwealth of Kentucky. The fact that he is serving his federal sentence concurrently with his state sentence affects only the credit he receives for the time served in prison, it does not alter the nature of his custody. Nor does the mere filing of a detainer transform petitioner's custody from state to federal in nature. *Zolicoffer v. Dep't of Justice*, 315 F.3d 538, 540 (5th Cir. 2003). Respondent Haney, the warden at NTC, is a proper respondent, but lacks the authority to grant the relief requested in the petition. *Roman v. Ashcroft*, 340 F.3d 341, 318-20 (6th Cir. 2003).

Even were the Court to conclude otherwise, each of the three claims in Lovingood's petition would have to be denied on the merits.

Petitioner first contends that his federal sentence, ordered to run concurrently with his existant state sentence, commenced retroactively to the date when his state sentence(s) first commenced -- in 1984, fifteen years before he plead guilty to the federal offenses. The short answer is that his federal judgment and commitment order made no such indication, and could not have done so under clear federal law. 18 U.S.C. § 3585(a) provides that "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." When a federal sentence is ordered to run concurrently with a pre-existing state criminal sentence, the Attorney General may merely designate the state facility as "the official detention facility at which the sentence is to be served" under 18 U.S.C. § 3621(b). *See Romandine v. United States*, 206 F.3d 731, 738 (7th Cir. 2000);

3

*United States v. Croft*, 450 F.2d 1094, 1099 (6th Cir. 1971) (federal sentence runs from time order of commitment is delivered to the United States Marshal).

Petitioner next asserts that the federal detainer lodged with state authorities should be released because it is adversely affecting his eligibility to participate in rehabilitative programs in state prison, and because he will have served out his 15-year federal sentence long before his 81-year state sentenced has been served. Lovingood cites no authority in support of his position, nor is the Court aware of any. To the contrary, it is well-established that the mere fact that a detainer has adverse consequences upon a prisoner's living conditions or eligibility for rehabilitation programs at his current facility does not implicate due process concerns. *Moody v. Daggett*, 429 U.S. 78, 86-87 n.9 (1976).

Finally, Petitioner contends that because he is currently serving his federal sentence while in state custody, he constitutes a federal prisoner entitled to participate in all programs available to prisoners in the custody of federal penal institutions. This argument fails for the same reasons articulated above: the mere fact that petitioner is receiving credit for time served in a state correctional facility because his federal sentence is running concurrently with his state sentence does not transform his "custody" from state to federal in nature. *Thomas v. Whalen*, 962 F.2d 358, 361-62 (4th Cir. 1992) ("A detainer neither effects a transfer of a prisoner from state to federal custody nor transforms state custody into federal custody by operation of law.").

### III. CONCLUSION

The Court being sufficiently advised, it is

**ORDERED** as follows:

4

1. The petition for a writ of habeas corpus [Dkt. 2] is **DENIED.**

2. The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

This 12th day of December, 2007.

Signed By:
*Karl S. Forester* KSF
United States Senior Judge